■ STANLEY SARD et al., Respondents, v ABE BERMAN, Doing Business as MICA STEEL CO., Defendant, and SIDNEY P. GILBERT, Appellant.—Judgment, Supreme Court, Bronx County, entered May 23, 1974, in favor of plaintiffs after a jury trial, unanimously reversed, on the law and on the facts, and a new trial directed, with $60 costs and disbursements to abide the event. The appeal from the order of said court, entered on or about October 24, 1974, denying appellant's motion to set aside the verdict, is unanimously dismissed, as moot, without costs and disbursements. In December, 1968, plaintiffs and appellant Gilbert entered into a written agreement requiring appellant, *inter alia,* to provide architectural services in connection with the construction of a private residence for plaintiffs and to "make periodic visits to the site * * * to determine in general if the work is proceeding in accordance with Contract Documents." However, appellant was "not * * * required to make exhaustive or continuous on-site inspections to check the quality or quantity of the work [nor was he to be] responsible for the Contractor's failure to carry out the construction work in accordance with Contract Documents." In April, 1970, after the original plans and specifications were modified, plaintiffs engaged defendant Berman to construct such residence. Thereafter, additional revisions were made and change orders authorized. Problems arose in October, 1970. Two months later plaintiffs entered into occupancy of their new home, although its construction had not been completed. In 1971 the contractor, Berman, sued plaintiffs for foreclosure of his mechanic's lien; and was met by counterclaims alleging, *inter alia,* defective work and negligence. One such counterclaim, seeking $7,000 for a multitude of claimed defects and deficiencies, was withdrawn during the litigation. This earlier action resulted in a nonjury verdict favorable to the owners. The instant action was brought against both the contractor and the architect; but dismissed as against the builder at the opening of the trial. The alleged defects appear inconsequential especially when viewed in the light of what the plaintiffs paid for the construction, what they received in the prior action and what the property was then sold for. On the record before us, a majority believes the plaintiffs' proof was barely sufficient to defeat a motion for judgment for failure to make out a prima facie case. However, we have concluded that a retrial is required because the $10,000 jury verdict is excessive and not supported by the evidence; the court's charge, which omitted any instruction as to the proper measure of damage, was patently inadequate; and, lastly, the record is not clear as to whether the prior action was for the same damages claimed herein. Concur—Stevens, P. J., Murphy, Lupiano, Lane and Nunez, JJ.